No. 11.—Solomon S. Bridges and John Williams, garnishees, plaintiffs in error, vs. Anthony North, et al., defendant in error.

[1.] Garnishees answered, that they had the estate of Travis N. in their hands, and that Thomas N., the debtor, was a legatee of Travis N., and that they could not say whether they had any effects of Thomas N. or not.

Bridges et al. vs. North et al.

*Held,* That this answer did not authorize the Court to give judgment against them.

[2.] Garnishment lies in a suit on a dormant judgment.

Certiorari, in Coweta Superior Court.   Decision by Judge HAMMOND, at September Term, 1856.

An attachment was issued, and returnable to a Justice's Court, by Anthony North, against Thomas J. Nichols, an absent debtor, upon a *dormant* judgment.   Soloman S. Bridges and John Williams were served with summons of garnishment, and required to answer what property or effects of said absent debtor they had in hand, or whether they were indebted to him.   The garnishees appeared and answered that they had the effects or estate of *Travis Nichols,* deceased, in their hands, to the amount of eight thousand dollars; that they could not say that they had any effects of Thomas J. Nichols, one of the legatees, in their hands; they might or might not have.

Upon this answer, the Justice gave judgment against the garnishees for the amount of plaintiffs demand, and cost of suit: To which judgment garnishees excepted, and brought said judgment for review and reversal, by certiorari, before the Superior Court.

Counsel for garnishees made the following objections to the judgment of the Justice's Court:

1st. That plaintiff could not proceed by attachment and garnishment on a *dormant* judgment or execution.

2d. That plaintiff did not make the proper affidavit to obtain garnishment, after judgment obtained.

3d. That the answer of the garnishees is binding on plaintiff, and final, if it is not traversed and denied, and that the Justice erred in giving judgment against them, on their answers.

The presiding Judge overruled the objections; held the answers too equivocal; confirmed the judgment and dismiss-

ed the certiorari: To which ruling and judgment, counsel for garnishees excepted, and assign error.

POWELL; and B. H. HILL, for plaintiff in error.

BUCHANAN, for defendant in error.

*By the Court.*—BENNING, J. delivering the opinion.

Was the answer of the garnishees such as to authorize the Court to render a judgment against them?

In order that a judgment may lawfully go against a garnishee, he must be "indebted" to the debtor, or must have in his hands "effects" of the debtor. *Cobb's Dig.* 70.

And a Court is not authorized to say that the garnishee is a debtor to the debtor, or is the holder of effects of the debtor, unless the garnishee admits that he is; or denies that he is, and it is proved on him that he is; or stands in contempt of a *rule nisi* to answer. *Cobb's Dig.* 70, 83.

Did the garnishees in this case, admit that they were debtors to the debtor, or holders of effects belonging to him?

They did not, unless saying that they had in their hands the estate of Travis Nichols, and that Thomas J. Nichols, the absent debtor, was one of the legatees of Travis Nichols, and therefore that they might or they might not have effects belonging to Thomas J. Nichols, was such an admission. This was all they said, and in this they did not say what was the size of the legatee's legacy, nor whether it had been assented to, nor whether there were not debts enough against the testator, Travis Nichols, to consume his whole estate.

But if the legacy had not been assented to, or if the debts against the estate were sufficient to consume the estate, the garnishees had no effects of the legatee in their hands, subject to garnishment.

What the garnishees did say then, was not an *admission* by them, that they had effects of the debtor in their hands.

Bridges et al. vs. North et al.

In truth, the answer was defective. It wanted fullness. It should have contained matter enough to make it *certain* in law, whether the interest of the debtor in the estate was such as was or was not subject to garnishment. And it might have been excepted to, for such defectiveness.

But it did not contain what was equivalent to an admission, that the garnishees held effects of the debtor that were subject to the garnishment. What it contained was rather equivalent to a denial of their having such effects? *Prima facie*, the interest of a legatee is not the subject of a garnishment issued against the executor. *Serg. on Attach.* 86. These garnishees were executors; either executors by right, or by wrong.

The case obviously does not fall within either the second or the third class of the cases aforesaid, in which alone a Court is authorized to give judgment against the garnishee.

[1.] We think therefore, that the Court below erred in affirming the judgment of the Justice of the Peace.

[2.] We have no doubt that a garnishment may issue in a suit founded on a dormant judgment. Such a suit must stand on the same footing as other suits, the object of which is to recover a debt. Indeed the Act of 1834, authorizes plaintiffs to issue garnishments " in all cases whatsoever," " whether the subject matter of the suit be a debt or not." *Cobb's Dig.* 84.

And that there may be an action of debt on a dormant judgment, is decided by *Lockwood vs. Barefield,* 7 *Ga. Rep.* 393.

The other ground of objection to the judgment was not insisted on.

Judgment reversed.