Burrus & Williams *vs.* Moore.          63   405
                                        92   638

[WARNER, Chief Justice, being engaged in presiding over the senate organized as a court of impeachment, did not sit in this case.]

1. An answer by a garnishee, sworn to before a notary public who is also an attorney at law, is not made void by the subsequent employ-ment of the attorney by the garnishee as his counsel in the case, even though the attorney should afterwards charge and collect a fee as counsel for preparing the answer. The relation of client and attorney not existing at the time the oath was administered and the affidavit subscribed and attested, such relation subsequently arising will not vitiate the transaction; nor will the improper charge and collection of a fee have that effect. Moreover, an answer defectively sworn to because of the existence of the relation at the time, may be cured by swearing to it again before a competent officer, whilst the cause is pending on appeal. No previous order or leave of court is requisite to enable the garnishee to re-swear to his answer.

2. If the plaintiff in attachment is not content with the answer of the garnishee, he should traverse it, or else file exceptions to it; in either case it is amendable, and the garnishee ought, in one of these methods, to be put upon notice that it is not satisfactory. Where there is neither traverse nor exception, the plaintiff cannot have the answer stricken on mere motion, nor can he take judgment for anything beyond what the answer admits.

3. Where it does not appear that the garnishee (the master of a steam-boat) was, at the time of the service of the summons, either debtor or bailee of the defendant in attachment, his subsequent receipt of goods at Eufaula, Ala., to be carried from thence on the Chattahoo-chee river to the state of Florida, (though such receipt took place before he answered, and before the term of the court at which he

was required to answer,) imposed no duty upon him to retain the goods on board or elsewhere for production to the court in Muscogee county, Georgia, where the attachment and garnishment were pending; and he having carried them to Florida, to where they were consigned, the court will not order him to bring them back for surrender and sale under section 3305 of the Code.

Garnishment. Attorney and client. Common carriers. Before Judge CRAWFORD. Muscogee Superior Court. November Adjourned Term, 1878.

Reported in the opinion.

CHAPPELL & RAMBO, for plaintiff in error, cited Code, §§3302, 3304, 3305, 3479, 3482, 3854; 37 *Ga.*, 678.

W. F. WILLIAMS; PEABODY & BRANNON, for defendant, cited 45 *Ga.*, 369; 58 *Ib.*, 142; 30 *Ib.*, 44; 59 *Ib.*, 300.

BLECKLEY, Justice.

An attachment was sued out by Burrus & Williams against H. H. Speer, the ground sworn to being that Speer was a non-resident of this state. It issued on the 1st of February, 1878, and was returnable to the following March term of Muscogee county court. Whilst the attachment was pending, to-wit, on the 7th of May, 1878, a summons of garnishment was served upon T. H. Moore, the master of a steamer plying upon the Chattahoochee river. The next ensuing term was the June term. Moore answered, swearing to his answer before W. F. Williams, a notary public, on the 28th of May, 1878. The answer was, in substance, that after service of the garnishment Moore received at Eufaula, Ala., on board his steamer, one box of bacon weighing 590 pounds, value $37.00 at invoice cost, which was consigned to Speer, the defendant in attachment, at Chattahoochee, Fla.; that the charges on the same for transportation and storage were $1.50; that the bacon was, at the date of the answer, stored at Chattahoochee, Fla.,

subject to such order as the court might make in the premises; and that respondent had incurred an expense of ten dollars in making the answer, which he asked might be allowed him. Judgment on the attachment was recovered by Burrus & Williams against Speer, on the 5th of September, 1878, for $155.50, besides interest and cost. Afterwards, and upon the same day, the plaintiffs moved the court for a judgment against the garnishee upon the answer, which motion was denied. They then moved for a like judgment in default of an answer, which motion was also denied; and the court adjudged that the garnishee be discharged. The plaintiffs appealed to the superior court, and the record of the case was filed in the office of the clerk of that court on September 9th, 1878. The garnishee swore to his answer a second time, not altering in any respect the terms of it, on the 24th of December, 1878, this affidavit being made before another notary public.

In the superior court, the appeal came on for trial in January, 1879, and the plaintiff moved to strike the answer, and for a judgment against the garnishee in default of an answer for the amount of their judgment against the defendant in attachment, because the answer was sworn to before the garnishee's attorney and was therefore null and void, and because it was sworn to the second time in vacation and not until after it had been sent up on appeal to the superior court. The court heard evidence on this motion, and W. F. Williams testified that as notary public he issued the summons of garnishment; that the garnishee came to him to write the answer, which he did, but not as his attorney at law; that he represented the garnishee in the county court afterwards, and then recovered ten dollars from the plaintiffs as his fee for writing the answer and representing the garnishee; that he is now the attorney for the garnishee in the superior court, and that out of abundant caution he caused the garnishee to answer over before another notary public. After hearing this evidence the court refused the motion. The plaintiffs then moved for

a judgment against the garnishee for insufficiency of the answer; pointing out as defects, first, that the garnishee had not answered at the first term of the county court, but *before* the first term ; secondly, the answer does not specify what the garnishee has become indebted, or what if any effects he has had in his hands, since the service and before answer ; thirdly, that the answer does not state what effects the garnishee had at the time of the service ; and, fourthly, that the answer contains no denial of any other effects than those specified. This motion also the court denied. The plaintiffs then moved for a judgment requiring the garnishee to produce the property specified in the answer, according to section 3305 of the Code, and to deliver the same to the sheriff. The court denied this motion ; and then, on motion of the garnishee, granted a judgment of discharge. All of which rulings of the superior court are excepted to. There was at no time any traverse of the answer, nor any exceptions to it in writing.

1. As to swearing to the answer, if the testimony of the notary public who administered the oath originally be accepted as decisive, he was not the garnishee's counsel at the time ; and his subsequent employment, and even the improper claim and collection of a fee for preparing the answer, would not vitiate or render void the affidavit. It is matter for remark that the answer alleges that the garnishee had incurred an expense of ten dollars in making it, and that this amount is identical with that which the notary afterwards claimed and collected ; but this coincidence, striking as it is, is only a circumstance, and seems rebutted by the positive statement of the notary that he was not employed as counsel until after his services in preparing the answer were rendered. The proper inference from his evidence is, not that he was incompetent to administer the oath, but that in making up his fee he charged for what he had done before he was employed, as well as for what he did afterwards. The conclusion is justified that the answer did not need to be sworn to the second time. To

cover any doubt, however, on this head, we have considered the question as to the re-swearing to the answer, and are of opinion that were the first affidavit invalid, the second might be upheld as a sufficient verification. There was at least an attempt made to answer on oath in due time; the answer itself was in, and if there was a vice in the affidavit, the remedy for it was to swear over. We know of no rule in force now that requires any previous order or leave of court to authorize a *supporting* amendment, and this was of that character. Perhaps a *modifying* amendment needs such a preliminary, even under our broad and liberal statutory provisions. The answer, it will be observed, was not added to, taken from, or varied in any particular; all that was done was to brace it with an additional affidavit. Nor do we think that this came too late. It is true that the case had passed from the primary court, and was pending on appeal, but curative measures are not restricted to the early stages of a case; our "court physicians" now treat chronic disorders as well as acute ones. Amendments are declared matter of right at any stage. Code, §3479.

2. The answer was neither excepted to in writing nor traversed. The plaintiffs assaulted it with motions only. Failing to put it out of court by one motion, they then, by another, asked for judgment over its head, because of alleged insufficiency; its defects being that it was filed too soon, and that in certain particulars it was not full enough. If it was filed too soon, it might have been amended, and its contents made to speak down to the time when it ought to have been filed. So, its want of fulness in other respects was also amendable; and if the plaintiffs wished it to be more full and explicit they ought to have excepted to it or traversed it, so as to have put the garnishee on notice that it was not satisfactory. 22 *Ga.*, 52; Code, §3306. Instead of so doing they took the answer as it was, and depended on running over it, if they could not drive it out. But when the answer of a garnishee is in and remains in, and there is neither exception nor traverse, the judgment to be

rendered is to be based on the answer as it is, and not partly on what it ought to be. Not the sufficiency of the answer in respect to what it omits, but its import and the legal effect of the same in what it expresses, are to be passed upon, and on these the judgment is to depend. Under such circumstances the most for which judgment can be rendered in behalf of a plaintiff against a garnishee is the amount or the effects which the answer admits. 22 *Ga.*, 52; 45 *Ib.*, 369; 58 *Ib.*, 142.

3. The question of most interest remains: Was the court right in denying an order for the production of the bacon and its delivery to the sheriff as in ordinary cases under section 3305 of the Code, and in passing a judgment of discharge? The reasoning of the majority opinion in 60 *Ga.*, 300, answers this question in the affirmative. Though my brother Jackson is able to concur with me in ruling the present case (the chief justice not presiding), I do not understand him as receding from any of the views expressed in his dissenting opinion in the former case. Perhaps the two cases differ enough in their respective facts not to imperil his consistency. I think he so considers. It is proper to add that the whole of the Chattahoochee river, so far as it is the boundary between the states of Alabama and Georgia, is in the latter state, the exact legal boundary being the line of high water on the western shore.

Judgment affirmed.