*29 Vroom.*    Myers v. Holborn.

---

SAMUEL I. MYERS, PLAINTIFF IN ERROR, v. FRANK HOLBORN, DEFENDANT IN ERROR.

1. M., a practicing physician, promised H. to attend his wife at her confinement; instead of doing so, however, he sent P., another physician, in his stead, who, by his unskillfulness, caused the death of the child. The shock from the child's death was such as to seriously affect the health of the mother, thereby depriving H. of her society and services, and causing him to incur expenses to which he would not otherwise have been put. *Held,* that P. being engaged in a distinct and independent occupation of his own, was not the servant or agent of M. in this matter, and that, therefore, M. was not liable for his unskillful or negligent acts.

2. No action will lie, in this state, for an injury caused by the death of a human being, except that which is given by the act of March 3d, 1848 (*Rev.,* *p.* 294), to the personal representatives of the decedent, for the purpose of recovering, for the benefit of the widow and next of kin, the pecuniary loss which they have suffered by such death.

3. The case of *Grosso* v. *Delaware, Lackawanna and Western Railroad Co.,* 21 *Vroom* 317, approved.

On error to the Hudson Circuit Court.

For the plaintiff in error, *Collins & Corbin.*

For the defendant in error, *William H. Speer, Jr.*

The opinion of the court was delivered by

GUMMERE, J. This writ of error brings up for review a judgment of the Hudson Circuit Court, rendered in favor of Holborn, the plaintiff below, and against Myers, the defendant below. The principal facts which were proved at the trial of the cause, are as follows:

The defendant, a practicing physician of the city of Bayonne, promised the plaintiff, who resided in that city, to attend his wife professionally during her confinement. A short time before that event took place he left the city for a three days' vacation, having first visited the wife of the plaintiff and made an examination of her condition, from which he concluded, as he informed her, that his services would not be needed for a few days. Before his return, however, she was confined. The plaintiff, when his wife's travail came on, telephoned to the house of the defendant for him to come at once, and in response to this message, one Doctor P. arrived, stating that Doctor Myers was out of town, and that he represented him, and proceeded to take charge of the case, and to deliver the plaintiff's wife of her child without any objection being made. It was not suggested that his treatment of the wife was unskillful, but evidence was offered to show that, after the birth of the child, he improperly severed the umbilical cord so close to its body that it was impossible afterward to tie it, and that the child consequently died, in a short time, of umbilical hemorrhage. The shock caused by her child's death under these circumstances, it was testified, so affected the mother as to seriously injure her health, and render her an invalid for many months, thereby depriving the plaintiff of her services and companionship, and making it necessary for him to incur expenses which he would not otherwise have been called upon to meet; and this suit was brought to recover compensation for such loss of services and companionship, and for such expenses, on the theory that Doctor P. was the agent and representative in this matter of the defendant, and that, therefore, he was legally liable for these results of Doctor P.'s unskillfulness. The trial judge adopted

this theory, advanced on behalf of the plaintiff, in his charge to the jury, and so instructed them.

In this, it seems to me, there was an error. Doctor P. and the defendant were, each of them, practicing physicians of this state, having no business connection with one another, except that Doctor P. was attending the patients of the latter while he was temporarily absent; even if it be admitted, therefore, that Doctor P. was employed by the defendant to attend upon the wife of the plaintiff, that fact did not render the defendant liable for his neglect or want of skill in the performance of this service, for an examination of the authorities will show that a party employing a person who follows a distinct and independent occupation of his own, is not responsible for the negligent or improper acts of the other. *Laugher* v. *Pointer,* 5 *Barn. & C.* 547; *Milligan* v. *Wedge,* 4 *Perry & D.* 714; *De Forrest* v. *Wright,* 2 *Mich.* 368; *Wood M. & S.,* § 311.

But even if I had reached the conclusion that Doctor P. was the agent of the defendant in his attendance upon the wife of the plaintiff, I should nevertheless consider that there could be no recovery in this case for the losses sustained by the plaintiff. He does not complain that his wife was unskillfully treated by Doctor P. and that he thereby lost her services and companionship, and incurred expenses on that account to which he would not otherwise have been put. His claim is that such unskillfulness caused the death of his child, and that the shock of its death caused the sickness of the mother, with the consequent deprivation of her services and society and the increase of his expenses.

The gravamen of the action, it will be perceived, is the death of the child; and the injury sustained by the father, for which damages are sought to be recovered, is the result of that death. Since the decision of the Supreme Court, in the case of *Grosso* v. *Delaware, Lackawanna and Western Railroad Co.,* 21 *Vroom* 317, it has been considered as settled law in this state that no action will lie for an injury caused by the death of a human being, with the exception of that provided

by the act of March 3d, 1848 (*Rev.*, *p.* 294), which permits a recovery by the personal representatives of the decedent, for the benefit of the widow and next of kin, of the pecuniary loss resulting to them from such death. The decision in that case was rendered after a careful and exhaustive consideration, and the views expressed by Magie, J., in delivering the opinion of the court, must be accepted as a correct exposition of the law on that subject.

The judgment of the Circuit Court should be reversed.

*For affirmance*—None.

*For reversal*—The Chancellor, Chief Justice, Garrison, Gummere, Ludlow, Magie, Van Syckel, Bogert, Brown, Krueger, Sims, Smith, Talman. 13.