75308. WYATT v. FORD et al.
(363 SE2d 866)

BIRDSONG, Chief Judge.

Appeal dismissed as improvidently granted.

*Appeal dismissed. McMurray, P. J., Banke, P. J., Carley, Sognier, Pope, Benham, and Beasley, JJ., concur. Deen, P. J., dissents.*

DEEN, Presiding Judge, dissenting.

Having reviewed the four-page memorandum written by Chief Judge Birdsong dated January 28, 1987 and the nine-page follow-up memorandum dated September 2, 1987, I must respectfully dissent to the recommendation that the appeal be dismissed as improvidently granted. "[T]his writer, who has little love for motions for summary judgment, and a passion for the jury's right to determine all issues of fact, including negligence, reluctantly . . ." would reverse the trial court's denial of Dr. Wyatt's motion for summary judgment. *Simmons v. Classic City Beverages*, 136 Ga. App. 150, 152 (220 SE2d 734) (1975).

The real question before us is whether or not the doctor abandoned his patient or withdrew from the case without giving real notice or providing a competent physician in his place. It is uncontradicted that he did have a good reason for leaving because his father had a heart attack and he had to leave town immediately. It is further, in my opinion, undisputed that he provided a competent physician in his place which was verified by the patient's mother. His testimony was that he was going to leave Dr. Miller in total charge and that Dr. Miller was competent and the patient would be in excellent care. Dr. Wyatt recalled that Dr. Miller was present and shook his head "Yes." Dr. Wyatt said: "A. I explained to Mrs. Ford that I was leaving town and that I was turning over primary care of Walter to the pediatric neurologist. Q. Dr. Miller? A. Yes." Thus, Dr. Wyatt had a good reason to leave and the arrangements appear, as a matter of law, to demand the finding that there was no abandonment. "Before a physician can abandon or withdraw from a case without liability therefor, he must either give reasonable notice or provide a competent physician in his place. 70 C.J.S. 966, § 48 f (3); 41 Am. Jur. 194, § 72." *Norton v. Hamilton*, 92 Ga. App. 727, 731 (89 SE2d 809) (1955).

The facts necessary to constitute abandonment involving duties of a professional appear to require almost as strong a finding as required in the abandonment of a child. "In order to constitute abandonment, there must be an *actual* desertion, accompanied with an *intention to entirely sever*, so far as possible to do so, the parental relation, and throw off all obligations growing out of the same." *Glendinning v. McComas*, 188 Ga. 345, 347 (3 SE2d 562) (1939). (Emphasis supplied.)

In summary, Dr. Wyatt said: "As best I recall I told Fran that I was leaving town to see about my father who had had a coronary and that I was turning over primary care of Walter to Dr. Miller." It is uncontradicted that between Dr. Wyatt and Mrs. Ford there was an important reason for his leaving, but that he was not abandoning his patient because he was providing a competent substitute physician. There is no abandonment when a double board-certified physician is backed up by other on-call physicians of two separate professional groups who were all available.

In addition, there does not appear to be any testimony that the actual care and treatment of the patient would or should have been different. While there was some testimony it would have been better to have transferred the patient to a children's hospital, these opinions appear to be afterthoughts or speculations from a Monday morning quarterback's perspective. To require greater specificity of more complicated contractual agreements for professional people to provide substitutes in emergency situations would seemingly throw a cold chill upon professional persons making such arrangements that is not

required under the abandonment cases or statutes. "[O]ur 'court physicians' now treat chronic disorders as well as acute ones." *Burrus & Williams v. Moore*, 63 Ga. 405, 409 (1879). Whether chronic or acute, summary judgment should have been granted.

DECIDED NOVEMBER 30, 1987.

*Daryll Love, Hezekiah Sistrunk, Jr.*, for appellant.
*Harold D. Corlew*, for appellees.