75301. HUMPHREY et al. v. ALVARADO.
(364 SE2d 618)

POPE, Judge.

Plaintiff Elizabeth Anne Humphrey brought this medical malpractice suit on behalf of herself and her infant daughter Phoebe, now

deceased. Plaintiffs allege negligence in the diagnosis and treatment of Phoebe on the part of defendant Alvarado, Phoebe's pediatrician, and two general surgeons not parties to this appeal, which plaintiffs contend caused the loss of approximately 80 percent of Phoebe's small intestine and, ultimately, caused her death. The trial court granted defendant Alvarado's motion for summary judgment, and plaintiffs concede in their brief on appeal that defendant's expert evidence in support of his motion was sufficient to pierce the allegations of the complaint and thus required them to produce expert medical testimony to counter defendant's evidence of non-negligence. The trial court's extensive findings of fact and conclusions of law listed several shortcomings in plaintiffs' evidence in response to defendant's motion, and plaintiffs assign error to three of them.

1. Plaintiffs' first enumeration challenges the trial court's finding that plaintiffs' expert did not show his "competence" and thus did not give "competent" evidence. Plaintiffs' expert averred: "I am a physician licensed to practice medicine in the State of Louisiana . . . and give this affidavit based on my personal knowledge of the facts contained herein. . . . I am familiar with the standards of care of reasonable physicians under circumstances the same or similar to those surrounding the care and treatment of Phoebe Humphrey between 8/29/84 and 9/12/84."

"Acceptance or rejection of the qualifications of a proffered expert witness is within the sound discretion of the trial judge and will not be disturbed on appeal absent manifest abuse." *Jester v. State*, 250 Ga. 119 (1) (296 SE2d 555) (1982). The evidence of plaintiffs' expert's qualifications is truly minimal, but construed most strongly in favor of plaintiffs as the parties opposing the summary judgment motion, we find it adequate to support the expert's opinion and thus conclude that the trial court abused its discretion in rejecting the expert's qualifications. See *Queen v. McDaniel*, 178 Ga. App. 504 (343 SE2d 783) (1986); see also *Atlanta Car for Hire Assn. v. Whited*, 179 Ga. App. 893 (6) (348 SE2d 102) (1986); *Beatty v. Morgan*, 170 Ga. App. 661 (1) (317 SE2d 662) (1984).

2. Notwithstanding the foregoing, however, we find the trial court properly entered summary judgment in favor of defendant on the ground that plaintiffs' expert's affidavit failed to set forth the standard of care applicable to the facts of this case. "To be sufficient to controvert the defendant's expert opinion and create an issue of fact, the plaintiff[s'] expert must base his opinion on medical records which are sworn or certified copies, or upon his own personal knowledge; *and* he must state the particulars in which the defendant's treatment of the plaintiff was negligent. . . . [T]he plaintiff[s] cannot prevail on motion for summary judgment by merely presenting a conclusory opinion that defendant was negligent or failed to adhere to

the professional standard. [They] must *state the particulars*. [They] must establish the parameters of the acceptable professional conduct and set forth how or in what way the defendant deviated therefrom." (Citations and punctuation omitted.) *Loving v. Nash*, 182 Ga. App. 253, 255 (355 SE2d 448) (1987); *Martin v. Wilson*, 184 Ga. App. 196 (1) (361 SE2d 209) (1987); see *Connell v. Lane*, 183 Ga. App. 871 (360 SE2d 433) (1987). Although plaintiffs' expert avers that he is familiar with the standard of care of reasonable physicians under circumstances the same or similar to those surrounding the care and treatment of Phoebe, he offers no enlightenment as to the particulars of that standard. Rather, he offers merely the unsupported conclusion that defendant failed to exercise reasonable care "when he failed to refer Phoebe Humphrey's care to physicians and medical care facilities who deal routinely with infants with problems such as Phoebe exhibited. This is true if [defendant] believed that there was not a pathologist in Valdosta, Georgia who could properly interpret a rectal biopsy." He offered no opinion as to when this referral should have occurred. Phoebe was, in fact, transferred to Scottish Rite Children's Hospital in Atlanta on the twelfth day after her birth. This omission is particularly telling in light of the unrebutted evidence of a surgical emergency within the first 28 or so hours of Phoebe's life. Moreover, he merely speculated that this failure deprived Phoebe of the type of care which would have been "most likely" to recognize the true causes of her problems and would have had the personnel, training and experience to deal with them "appropriately." Such speculation (or "hindsight" judgment, cf. *Word v. Henderson*, 220 Ga. 846, 848 (142 SE2d 244) (1965), rev'g 110 Ga. App. 780 (140 SE2d 92) (1964)) does not successfully rebut defendant's showing of no negligence. See generally *Peachtree Mtg. Corp. v. First Nat. Bank*, 143 Ga. App. 17 (4) (237 SE2d 416) (1977). Also, we are afforded no explanation as to what negligence, if any, is involved by sending a rectal biopsy out of town for analysis.

3. We also agree with the trial court's findings that plaintiffs' expert's testimony did not establish a causal relationship between defendant's alleged negligence and Phoebe's injuries. The gist of plaintiffs' expert's remaining assertions of negligence is that defendant should have recognized the signs and symptoms of abdominal distention in Phoebe prior to her first surgery "on September 3, 1984"; that this symptom in addition to other symptoms exhibited by Phoebe should have resulted in Hirschsprung's disease (a congenital defect of the colon) becoming a part of the initial differential diagnosis, which he should have discussed with the surgeons, so that when it became clear that the first surgery was not effective, the presence of this congenital defect would have been confirmed between the first and second surgeries in sufficient time to save the destruction of as much of

Phoebe's small intestine as was destroyed; and that the failure to recognize the presence of Hirschsprung's disease and deal with it properly resulted in the destruction of the majority of Phoebe's small intestine.

This evidence is deficient in several respects. Firstly, the first surgery was on August 31, 1984; the second surgery was on September 3. We are thus uncertain as to the time frame in which the expert has based his opinion. Secondly, the surgeon recognized the abdominal distention prior to the first surgery and at that time was primarily responsible for Phoebe's care and treatment. Therefore, whether or not defendant recognized the distention would appear to be of no consequence. Thirdly, in response to an out-of-town family emergency, defendant left Phoebe in the care of another pediatrician and the surgeons prior to the first surgery and did not return to Valdosta until after the second surgery. In the absence of any allegations of negligence in selecting his stand-in, see generally *Wyatt v. Ford*, 185 Ga. App. 111 (363 SE2d 866) (1987) (Deen, P. J., dissenting), defendant could not reasonably be held responsible for any actions taken or not taken during his absence.

We find no basis for reversal of the trial court's entry of summary judgment in favor of defendant.

*Judgment affirmed. Birdsong, C. J., and Deen, P. J., concur.*

DECIDED JANUARY 5, 1988.

*James M. Anderson III*, for appellant.
*William U. Norwood III, Wade H. Coleman*, for appellee.