625 So.2d 105 (1993)
Carol Lynn McKay, et al., Appellants,
v.
Sanford COLE, M.D., et al., Appellees.
No. 92-2041.
District Court of Appeal of Florida, Third District.
October 12, 1993.
*106 Perse & Ginsberg and Arnold R. Ginsberg, Lawrence B. Rodgers, Miami, for appellants.
Don Russo, Elizabeth Koebel Russo and Patrice Talisman, Coconut Grove, for appellees.
Before SCHWARTZ, C.J., and HUBBART and COPE, JJ.
SCHWARTZ, Chief Judge.
Addressing the issue left unresolved in Goldschmidt v. Holman, 571 So.2d 422, 423 n. 2 (Fla. 1990), we hold that the trial court correctly entered summary judgment that, as a matter of law, a physician is not vicariously liable for the alleged malpractice of a "covering" doctor who, with the advance knowledge and concurrence of his patient, treats the patient while the "original" doctor is unavailable. Reed v. Gershweir, 160 Ariz. 203, 772 P.2d 26 (Ct.App. 1989); Humphrey v. Alvarado, 185 Ga. App. 486, 364 S.E.2d 618 (1988); Bottger v. Cheek, 815 S.W.2d 76 (Mo. Ct. App. 1991); Myers v. Holborn, 58 N.J.L. 193, 33 A. 389 (1895); Kavanaugh v. Nussbaum, 71 N.Y.2d 535, 523 N.E.2d 284, 528 N.Y.S.2d 8 (1988); Feigelson v. Ryan, 108 Misc.2d 192, 437 N.Y.S.2d 229 (Sup.Ct. 1981); Johnston v. Ward, 288 S.C. 603, 344 S.E.2d 166 (Ct.App. 1986). As these cases demonstrate, this fact pattern does not involve either the control by or justified reliance upon the original physician which are required to establish actual and apparent agency, respectively. See generally Orlando Executive Park, Inc. v. Robbins, 433 So.2d 491 (Fla. 1983); Variety Children's Hosp. v. Perkins, 382 So.2d 331 (Fla. 3d DCA 1980).
Affirmed.